UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 11784 MLW**

| | |
|---|---|
| Patricia M. Colburn, ) | |
| Plaintiff ) | |
| ) | Civil Action No. _____ |
| v. ) | RECEIPT # 58013 |
| ) | AMOUNT $ 150 |
| Richard Cappiello, ) | SUMMONS ISSUED N/A |
| Defendant   MAGISTRATE JUDGE Collings ) | LOCAL RULE 4.1 ____ |
| ) | WAIVER FORM ____ |
| | MCF ISSUED ____ |
| | BY DPTY. CLK. T.O.M |
| **NOTICE OF REMOVAL** | DATE 8/17/04 |

Under 28 U.S.C. §§ 1331, 1441, et seq., Defendant Richard Cappiello hereby removes this action from the Superior Court of Plymouth County, Massachusetts, docketed there as 04-00889-A, to the United States District Court for the District of Massachusetts. Defendant represents the following to support this Notice:

1. Plaintiff Colburn commenced this action by filing a Complaint and a Demand for a Jury claim on or about July 19, 2004 in the Plymouth County Superior Court, Brockton, Massachusetts, captioned Patricia *Colburn vs. Richard Cappello* [sic]. This complaint was served on Mr. Cappiello on August 4, 2004. (A copy of the complaint and summons are attached hereto as Exhibit A).

2. The complaint alleges that the Union, of which Mr. Cappiello is the business manager, through various actions, failed to provide

proper representation to the Plaintiff, in both work-rule rule related grievances and in opposing her termination.

3. Although the Complaint does not assert any specific legal basis, the claims asserted flow directly from Mr. Cappiello's duty as a Union agent to represent the plaintiff fairly under the collective bargaining agreement with the Plaintiff's employer, Verizon.

4. In essence, the Plaintiff's claim relates to the Union's responsibility to provide its members with fair representation under the collective bargaining agreement; pursuant to Section 301 of the Labor-Management Relations Act of 1948, 29 U.S.C. § 185, this action must be treated as a claim under federal labor law. <u>United Steelworkers v. Rawson</u>, 495 U.S. 362, 367 ("[A]n individual employee's state law tort suit against her union . . . must be treated as a claim under federal labor law, when the duty of care allegedly arose from the collective bargaining agreement between the union and the employer.").

5. Further, to decide whether Mr. Cappiello's actions were proper, it will be necessary for the court to consider what Mr. Cappiello's duties were under the Union's collective bargaining agreement with Verizon. Under Section 301, claims requiring a fact finder to consider the terms of a collective bargaining agreement are totally preempted, and the well pleaded complaint rule cannot defeat

removal. <u>Stikes v. Chevron, USA</u>, 914 F.2d 1265, 1267 (9th Cir. 1990), cert. den, 500 U.S. 917 (1991).

6. The Union is a labor organization as defined in 29 U.S.C. § 152. Although the Plaintiff's Complaint names Mr. Cappiello and not the Union as a defendant, the allegations against Mr. Cappiello relate solely to actions taken in his capacity as a Union officer. Therefore, the Plaintiff's claims against Mr. Cappiello are subject to removal. <u>Rawson</u>, 495 U.S. at 372.

7. The District Court of the United States has jurisdiction over suits requiring the interpretation of collective bargaining agreements without respect to the amount in controversy or regard to the citizenship of the parties. 29 U.S.C. § 185. This court, therefore, has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 185 and federal question jurisdiction pursuant to 29 U.S.C. § 1331.

8. Written notice of the filing of this notice of removal has been served upon the Plaintiff, and a copy has been filed with the Clerk of the Plymouth County Superior Court, along with a request that a certified copy of the state court record be compiled for submission in this court.

Respectfully submitted,

Richard Cappiello,
By his attorneys,

/s/ Nicole Horberg Decter
Harold L. Lichten, BBO #549689
Nicole Horberg Decter, BBO #658268
Pyle, Rome, Lichten, Ehrenberg &
    Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
Telephone: (617) 367-7200
Facsimile: (617) 367-4820

Dated: August 16, 2004

Case 1:04-cv-11784-MLW    Document 1    Filed 08/17/2004    Page 4 of 6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  Patricia M. Colburn v. Ricahrd Cappiello

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.             for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                    YES           (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                    YES           (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                    YES            NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                    YES           (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                    (YES)          NO

   A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

         (EASTERN DIVISION)          CENTRAL DIVISION          WESTERN DIVISION

   B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

         EASTERN DIVISION            CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Harold L. Lichten, _____
ADDRESS   Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan    18 Tremont Street, Suite 500
TELEPHONE NO.  617-367-7200                                 Boston, MA 02108

(Cover sheet local.wpd - 11/27/00)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Patricia M. Colburn

## DEFENDANTS
Richard Cappiello

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)
Harold L. Lichten   617-367-7200
Nicole Horberg Decter
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan
18 Tremont Street, Ste. 500, Boston, MA 02108

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. NATURE OF SUIT
[X] 720 Labor/Mgmt. Relations

## V. ORIGIN
[X] 2 Removed from State Court

## VI. CAUSE OF ACTION
Duty of fair representation claim against Union Representative under LMRA § 301

## VII. REQUESTED IN COMPLAINT:

## VIII. RELATED CASE(S) IF ANY

DATE: August 16, 2004

SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY