UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Patricia M. Colburn,<br>　　　Plaintiff<br><br>　　v.<br><br>Richard Cappiello,<br>　　　Defendant | Civil Action No. 04-11784 MLW |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS

**I.　INTRODUCTION**

Richard Cappiello files this memorandum in support of his motion to dismiss the plaintiff's claim in the above-captioned matter. As presented herein, the Plaintiff's claim filed against her Union's business manager, Mr. Cappiello, relating to how Union agent's handled the Plaintiff's disciplinary and work-rule related grievances and her subsequent termination are actually claims that the Union breached its duty of fair representation to her, in violation of 29 U.S.C. § 158(b)(1)(A). Under the Labor Management Relations Act of 1947, section 301, the statute of limitations for bringing a suit of this kind is six months. As the Plaintiff's suit was not filed for over three years after she was informed that the Union would not take action to get her reinstated, her claims are time-barred. In addition, the Plaintiff brought this claim solely against Mr. Cappiello, the business manager of the Plaintiff's local union. A duty of fair representation

claim may be brought only against the Union itself, not its officers. Thus, the Plaintiff's complaint fails to state a claim upon which relief can be granted, and should therefore be dismissed.

## II. FACTS

For the purposes of this motion, the Defendant assumes that the following facts, as alleged in the Plaintiff's complaint are true. Until she was terminated in December 2001, the Plaintiff was an employee of Verizon and, during the term of her employment, the Plaintiff was, at varying times, a member of International Brotherhood of Electrical Workers ("IBEW"), AFL-CIO, Local 2222 and Local 2322.[1] The Plaintiff was terminated on December 15, 2001. Cplt. at 7.

Between July 2000 and her termination in December 2001, the Plaintiff alleges that various Union agents failed to represent her in grievances relating to emergency personal days, the counting of overtime, and in two altercations with co-workers for which she did not receive any discipline. Cplt. at 4-5, 7-8.

The Plaintiff alleges that after she received her termination notice, she called the Union upon receiving notice of her termination, and "they said that they did not handle workers comp." Cplt. at 7. The Plaintiff further alleges that a "Union person" named "Sheila" did nothing with a "grievance" that the Plaintiff had sent to her regarding her termination. Cplt. at 7. Additionally, the Plaintiff

---

[1] Both local union chapters represent Verizon workers in specific geographic regions; during the course of her employment, the Plaintiff worked in both regions. At the time of the Plaintiff's termination, she was a member of IBEW, Local 2222.

alleges that Myles Calvey, "the head of the Union,"[2] was rude to her and said he could not do anything for her regarding her termination. Cplt. at 7. Finally, the Plaintiff alleges that, in February 2002, Mr. Calvey acted against her interest after her termination, when he was able to get a settlement from the Company to get the Plaintiff her pension in exchange for her dropping her state discrimination claims. Cplt. at 7.

### III. ARGUMENT

#### A. The Plaintiff's Unspecified Civil Claims are Pre-Empted by Federal Law

In 1957, the Supreme Court held that § 301 of the Labor Management Relations Act, 29 U.S.C. §185(a), authorizes federal courts to fashion "a body of federal law for the enforcements of [ ] collective bargaining agreements." *Textile Workers v. Lincoln Mills of Alabama*, 353 U.S. 448, 451, 77 S.Ct. 912, 915 (1957). The Supreme Court has subsequently held that the need for a uniform body of federal labor law sweeps broadly and pre-empts any state law cause of action which arises out of a collective bargaining agreement. *Avco Corp. v. Machinists*, 390 U.S. 557, 88 S.Ct. 1235 (1968)(§ 301 pre-empts any state law claim for breach of a collective bargaining agreement); *Allis Chalmers Corp. v. Lueck*, 417 U.S. 202, 105 S.Ct. 1904 (1984)(§ 301 preempts state law tort claim against employer where

---

[2] At the time of the facts at issue, Mr. Calvey was a business manager for IBEW, Local 2222.

duty of which a violation is claimed is created by collective-bargaining agreement).

Most recently, in *United Steelworkers of America v. Rawson*, 495 U.S. 362, 110 S.Ct. 1904 (1990), the Court held that a state-law claim against a mine-workers union based on its alleged negligence in conducting safety inspections of a mine was preempted by federal law. The Union's duty to conduct safety inspections grew out of its collective bargaining agreement with the employer, which contained provisions regarding union safety inspections. The Court first noted its earlier decision in the case of *Electrical Workers v. Hechler*, 481 U.S. 851, 107 S.Ct. 2161 (1987), where it held

> that an individual employee's state law tort suit against her union for breach of the union's duty of care to provide the employee with a safe workplace must be treated as a claim under federal labor law, when the duty of care allegedly arose from the collective bargaining agreement between the unions and the employer.

*Rawson*, 495 U.S. at 367, 110 S. Ct. at 1908. The Court then reviewed the situation at issue herein. The Court held that federal law governed the fair representation claim and that any duty that the union had to inspect the mines in question arose from its collective bargaining agreement.

> *Preemption by federal law cannot be avoided by characterizing the union's negligent performance of what it does on behalf of the members of the bargaining unit pursuant to the terms of the collective bargaining contract as a state law tort. Accordingly, this suit, if it is to go forward at all, must proceed as a case controlled by federal, rather than state, law.*

*Rawson*, 495 U.S. at 367, 110 S. Ct. at 1911 (emphasis added).

In this case, all of the Plaintiff's claims relate to the Union's alleged conduct in dealing with the Plaintiff's work-related complaints and processing grievances. Most principally, the Plaintiff's claims relate to the Union's alleged failure to file a grievance or perform other unspecified advocacy regarding her termination. The plaintiff's claims are all based on an assumption that the Union had a duty to advocate on her behalf on every claim of Company or co-worker wrongdoing, and implicitly, to take her termination and other grievances to arbitration. If any such duty existed, it would arise out of the Union's contract with the Employer, which contained a grievance procedure. Plaintiff's claims arise exclusively under the Union's "performance of what it does on behalf of the members of the bargaining unit pursuant to the terms of the collective bargaining contract." *Id.* Federal law clearly governs this case.

### B. The Only Duty the Union Owed the Plaintiff was the Duty of Fair Representation

Under Federal law, as the collective bargaining representative of its members, a union owes all of its members a duty to represent them fairly.

> "[A]s the exclusive bargaining representative of the employees, . . . the Union has a statutory duty fairly to represent all of those employees, both in its collective bargaining . . . and in its enforcement of the resulting collective bargaining agreement." *Vaca v. Sipes, 386 U.S. 171, 177 (1967).* "Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, and to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Ibid.*

*Rawson*, 495 U.S. at 372. While a Union owes its members this duty, the Supreme Court has also set forth a high standard for when that duty will be violated:

> This duty of fair representation is of major importance, but a breach occurs "only when a union's conduct toward a member of the collective bargaining agreement unit is arbitrary, discriminatory, or in bad faith." [*Vaca v. Sipes, 386 U.S. 171*] *at 190*. The courts have in general assumed that mere negligence, even in the enforcement of a collective-bargaining agreement, would not state a claim for breach of the duty of fair representation, and we endorse that view today.

*Id.*, 495 U.S. at 372-373. Finally, the Court has held that in the absence of a clearly assumed further duty, the duty of fair representation is the *only* duty a Union owes its members.

> The doctrine of fair representation is an important check on the arbitrary exercise of union power, but it is a purposefully limited check, for a "wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents." *Ford Motor Co. v. Huffman, 345 U.S. 330, 338 (1953)*. If an employee claims that a union owes him am ore far-reaching duty, he must be able to point to language in the collective bargaining agreement specifically indicating an intent to create obligations enforceable against the union by the individual employees. Cf. *Republic Steel Corp. v. Maddox, 379 U.S. 650, 653 (1965)*.

*Id.*, 495 U.S. at 374.

Again, in this case all of the Plaintiff's allegations against the Union relate to the Union's alleged failure to advocate on her behalf regarding a variety of formal grievances and informal complaints, up to and including her termination. All of these allegations thus fall under the Union's duty to fairly represent her pursuant to the collective bargaining agreement. As the plaintiff does not, indeed, cannot, "point to language in the collective-bargaining agreement specifically indication an intent to create obligations enforceable against the

union," the Union can only be liable to him for a breach of its duty of fair representation. As shown below, plaintiff cannot state a claim for a breach of that duty.

### C. The Plaintiff's Claims are Time Barred

As shown above, plaintiff's claims against the Union are actually claims that the Union breached its duty of fair representation to her, as that is the only duty owed her. Claims for a breach of the duty of fair representation are governed by a six-month statute of limitations. *DelCostello v. Teamsters*, 462 U.S. 151 (1983). In this case, plaintiff was aware that the Union was not going to take further action on her grievances related to emergency leave, overtime, co-worker misconduct, or her termination claim on or around February 1, 2002. Cplt. at 7. This suit was filed in July 2004, more than 29 months later. Accordingly, it is time-barred and must be dismissed.

### D. A Union Representative May not be held personally liable for a Violation of the Duty of Fair Representation.

Even if plaintiff's complaint were timely, it would fail to state a claim. Plaintiff has brought this claim against only a single defendant, Richard Cappiello, her former union's business manager. It is settled law, however, that "individual officers or members of a labor union may not be held liable for the union's breach of its duty of fair representation." *Mouradian v. John Hancock Cos.*, 751 F. Supp. 262, 271 (D. Mass. 1998) (citing *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247-249 (1962)); see also *Evangelista v. Inlandboatmen's Union*, 777 F.2d

1390, 1400 (9th Cir. 1985) (duty of fair representation claim may not be brought against individual union officer); *Carter v. Smith Food King*, 765 F.2d 916, 920-921 (9th Cir. 1985) ("It is well settled that section 301 provides the basis for an action for the breach of the duty of fair representation only against a union as an entity, and not against individuals who happen to hold positions in that union.") (citing *Atkinson, supra*). Because no duty of fair representation claim may be maintained against Mr. Cappiello, the only defendant in this action, the complaint should be dismissed.

## IV.    CONCLUSION

The Plaintiff's complaint fails to state a claim on which relief may be granted. It should be dismissed in its entirety.

Respectfully submitted,

Richard Cappiello,
By his attorneys,

_____
Harold L. Lichten, BBO #549689
Nicole Horberg Decter, BBO #658268
Pyle, Rome, Lichten, Ehrenberg &
    Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
Telephone: (617) 367-7200
Facsimile: (617) 367-4820

Dated: 2/17/04