UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Patricia M. Colburn,<br>　　　　Plaintiff<br><br>　　v.<br><br>Myles Calvey,<br>　　　　Defendant | Civil Action No. 04-11784 MLW |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS

**I.    INTRODUCTION**

Myles Calvey files this memorandum in support of his motion to dismiss the plaintiff's claim in the above-captioned matter. As presented herein, the Plaintiff's claim filed against her Union's business manager, Mr. Calvey, relating to how Union agent's handled the Plaintiff's disciplinary and work-rule related grievances and her subsequent termination are actually claims that the Union breached its duty of fair representation to her, in violation of 29 U.S.C. § 158(b)(1)(A). Under the Labor Management Relations Act of 1947, section 301, the statute of limitations for bringing a suit of this kind is six months. As the Plaintiff's suit was not filed for two and a half years after she was informed that the Union would not take action to get her reinstated, her claims are time-barred. In addition, the Plaintiff brought this claim solely against Mr. Calvey, the business manager of the Plaintiff's local union. A duty of fair representation

claim may be brought only against the Union itself, not its officers. Thus, the Plaintiff's complaint fails to state a claim upon which relief can be granted, and should therefore be dismissed.

## II.   FACTS

For the purposes of this motion, the Defendant assumes that the following facts, as alleged in the Plaintiff's complaint are true. Until she was terminated in December 2001, the Plaintiff was an employee of Verizon and, during the term of her employment, the Plaintiff was, at varying times, a member of International Brotherhood of Electrical Workers ("IBEW"), AFL-CIO, Local 2222 and Local 2322.[1] The Plaintiff was terminated on December 15, 2001. Cplt. at 7.

Between July 2000 and her termination in December 2001, the Plaintiff alleges that various Union agents failed to represent her in grievances relating to emergency personal days, the counting of overtime, and in two altercations with co-workers for which she did not receive any discipline. Cplt. at 4-5, 7-8.

The Plaintiff alleges that after she received her termination notice, she called the Union upon receiving notice of her termination, and "they said that they did not handle workers comp." Cplt. at 7. The Plaintiff further alleges that a "Union person" named "Sheila" did nothing with a "grievance" that the Plaintiff had sent to her regarding her termination. Cplt. at 7. Additionally, the Plaintiff

---

[1] Both local union chapters represent Verizon workers in specific geographic regions; during the course of her employment, the Plaintiff worked in both regions. At the time of the Plaintiff's termination, she was a member of IBEW, Local 2222.

alleges that Myles Calvey, "the head of the Union,"[2] was rude to her and said he could not do anything for her regarding her termination. Cplt. at 7. Finally, the Plaintiff alleges that, in February 2002, Mr. Calvey acted against her interest after her termination, when he was able to get a settlement from the Company to get the Plaintiff her pension in exchange for her dropping her state discrimination claims. Cplt. at 7.

### III.   ARGUMENT

#### A. The Plaintiff's Claims are Time Barred

The Plaintiff's claims against the Union are actually claims that the Union breached its duty of fair representation to her. Claims for a breach of the duty of fair representation are governed by a six-month statute of limitations. *DelCostello v. Teamsters*, 462 U.S. 151 (1983). In this case, the Plaintiff was aware that the Union was not going to take further action on her grievances related to emergency leave, overtime, co-worker misconduct, or her termination claim on or around February 1, 2002. Cplt. at 7. This suit was filed in July 2004, more than 29 months later. Accordingly, it is time-barred and must be dismissed.

---

[2] At the time of the facts at issue, Mr. Calvey was a business manager for IBEW, Local 2222.

### B. A Union Representative May not be held personally liable for a Violation of the Duty of Fair Representation.

Even if plaintiff's complaint were timely, it would fail to state a claim. Plaintiff has brought this claim against Myles Calvey, her former union's business manager. It is settled law, however, that "individual officers or members of a labor union may not be held liable for the union's breach of its duty of fair representation." *Mouradian v. John Hancock Cos.*, 751 F. Supp. 262, 271 (D. Mass. 1998) (citing *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247-249 (1962)); see also *Evangelista v. Inlandboatmen's Union*, 777 F.2d 1390, 1400 (9th Cir. 1985) (duty of fair representation claim may not be brought against individual union officer); *Carter v. Smith Food King*, 765 F.2d 916, 920-921 (9th Cir. 1985) ("It is well settled that section 301 provides the basis for an action for the breach of the duty of fair representation only against a union as an entity, and not against individuals who happen to hold positions in that union.") (citing *Atkinson, supra*). Because no duty of fair representation claim may be maintained against Mr. Calvey, the complaint should be dismissed.

### IV.   CONCLUSION

The Plaintiff's complaint fails to state a claim on which relief may be granted. It should be dismissed in its entirety.

Respectfully submitted,

Myles Calvey,
By his attorneys,

_____
Harold L. Lichten, BBO #549689
Nicole Horberg Decter, BBO #658268
Pyle, Rome, Lichten, Ehrenberg &
    Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
Telephone: (617) 367-7200
Facsimile: (617) 367-4820

Dated: Aug 24, 2004